**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ZACHARY MICHAEL HUDSON,** ) | |
|                                                    ) | |
| **Petitioner,** ) | |
|                                                    ) | |
| vs.                                             ) | Case No. 08-CV-202-TCK-FHM |
|                                                    ) | |
| **GREG PROVINCE, Warden; and** ) | |
| **THE STATE OF OKLAHOMA,** ) | |
|                                                    ) | |
| **Respondents.** ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. In response to the petition, Respondent filed a motion to dismiss the petition as barred by the statute of limitations (Dkt. # 6), along with a brief in support (Dkt. # 7). Petitioner, represented in this matter by attorney David Autry, filed a response to the motion to dismiss (Dkt. # 8). For the reasons discussed below, the Court finds that the petition for writ of habeas corpus was not filed before expiration of the one-year limitations period. As a result, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

The record before the Court reflects that Petitioner was charged in Tulsa County District Court, Case No. CF-2004-5, with First Degree Murder (Count 1) and Driving Under Suspension (Count 2). See Dkt. # 7, Ex. 1. On March 18, 2005, at the conclusion of a jury trial, Petitioner was convicted of First Degree Manslaughter (Count 1) and Driving Under Suspension (Count 2). Id. On April 28, 2005, the trial court sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years imprisonment and a fine of $10,000 on the manslaughter conviction, and to one (1) year in the county jail and a fine of $500 for driving under suspension, with the sentences

ordered to run consecutively. Petitioner was represented at trial by attorneys Shannon McMurray and Brian Aspan.

Petitioner, represented by attorneys Robert Jackson and Steve Presson, perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On August 15, 2006, in Case No. F-2005-440, the OCCA affirmed Petitioner's conviction, but modified his sentence to fifteen (15) years imprisonment. See Dkt. # 7, Ex. 2. Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

On May 29, 2007, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court. See Dkt. # 7, Ex. 1 at 25. By order filed July 10, 2007, the district court judge denied post-conviction relief. Dkt. # 7, Ex. 3, attached order. Petitioner appealed and by order filed October 12, 2007, the OCCA affirmed the denial of post-conviction relief. Dkt. # 7, Ex. 2.

On April 11, 2008, Petitioner, represented by attorney David Autry, filed the instant federal habeas corpus petition. See Dkt. # 2. Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. # 6.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner's conviction became final on November 13, 2006, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on November 13, 2006, and, absent a tolling event, a federal petition for writ of habeas corpus filed after November 13, 2007, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. Petitioner's post-conviction proceeding was pending in the state courts from May 29, 2007, to October 12, 2007, or for 136 days. Thus, the habeas corpus deadline was extended 136 days beyond November 13, 2007, or to March 28, 2008. Petitioner filed his petition on April 11, 2008, or two (2) weeks beyond the deadline. As a result, Petitioner's federal habeas petition appears to be untimely and should be dismissed unless Petitioner demonstrates entitlement to other statutory or equitable tolling of the limitations period.

In response to the motion to dismiss, Petitioner's attorney concedes that the petition was filed after expiration of the limitations period, and states that "he alone, erroneously calculated the

limitations period as expiring on or about April 11, 2008 . . . Counsel alone, and no one else, is at total fault in this instance, and takes full responsibility for this error." See Dkt. # 8. Counsel for Petitioner argues that under the circumstances, Petitioner is entitled to equitable tolling of the limitations period.

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. In general, attorney error is not a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). The Supreme Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, ---, 127 S.Ct. 1079, 1085 (2007). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003) (internal citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) ("a mistake by a party's

counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]").

The Court recognizes that the rule is not without exception. See Martin, 408 F.3d at 1093-94 (compiling cases and discussing "serious" or "egregious" misconduct by attorneys). The Tenth Circuit Court of Appeals has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). The allegations in Fleming reflected more than mere negligence by the attorney. Nothing in this case, however, suggests misconduct by Petitioner's attorney approaching the level present in Fleming. Petitioner's attorney admits only to miscalculating the limitations deadline. Counsel's miscalculation does not rise to the level of an extraordinary circumstance warranting equitable tolling.

Petitioner also argues that the limitations period should be equitably tolled because he asserts a claim of actual innocence. See Dkt. # 8 at 2-4. A claim of actual innocence may warrant equitable tolling, see Gibson, 232 F.3d at 808, although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327. Such new

5

evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).

The new evidence cited by Petitioner in support of his claim of actual innocence is a tape recording of a 911 call placed by Mr. Kilmer, a witness to the incident resulting in Petitioner being charged with First Degree Murder.[1] Petitioner asserts that although the 911 tape was readily available at the time of trial, it was not presented to the jury, nor was a claim based on the 911 tape raised on direct appeal. The issue of the 911 tape was referenced by Petitioner in his brief filed on post-conviction appeal. See Dkt. # 7, Ex. 3 at 20. In his response to the motion to dismiss, Petitioner argues that the 911 tape "compromises completely the credibility of the State's sole witness for this instance being anything other than an accident." Dkt. # 8 at 3. Based on Petitioner's averments concerning the content of the 911 tape, however, the Court finds that it does not constitute new evidence of actual innocence and is merely impeachment evidence. Even if the 911 tape had been used to impeach the credibility of witness Kilmer, Petitioner has failed to demonstrate that the result of his trial would have been different. Schlup, 513 U.S. at 329 (evidence supporting a claim of actual innocence must lead to conclusion that "no reasonable juror would have found the defendant guilty").

---

[1] In affirming Petitioner's first degree manslaughter conviction, the OCCA noted these facts:

> The evidence shows that Appellant fought with the deceased, left the scene, then returned a short time later in his motor vehicle, fought with him again, and then ran over the deceased in the middle of the street.

(Dkt. # 7, Ex. 3 (district court order denying post-conviction relief and quoting OCCA direct appeal opinion)). That statement of fact is presumed to be correct unless rebutted by Petitioner with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period.

## *CONCLUSION*

Petitioner filed his petition on April 11, 2008, or two (2) weeks after expiration of the one-year limitations period. Petitioner is not entitled to equitable or statutory tolling. Therefore, the Court concludes that the petition is time-barred and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 2) is **dismissed with prejudice.**

3. A separate judgment shall be entered in this matter.

**DATED THIS** 8th day of January, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE